Hyman, C. J.
The sheriff of the parish of East Feliciana seized a lot of drags and medicines, the property of plaintiff, by authority of an execution, and on the 3d day of November, 1860, sold the same at public sale to defendant for $1,505.
On the 5th day of the same month defendant agreed to sell to plaintiff the lot of drugs and medicines, provided that plaintiff would pay in claims or money the amount that he, defendant, gave for the same. Plaintiff was to continue in possession of the drugs and medicines, and to sell them for defendant until defendant was refunded the money that he had paid for them.
On the 3d day of January, 1861, defendant sold the lot of drugs and medicines to P. Langworbhy.
In February,-1861, plaintiff brought suit against defendant. In his petition he claimed to be owner of the lot of drugs and medicines, by having paid for the same according to the above-named agreement.
He averred that defendant had sold to Langworthy other drugs and medicines belonging to him, plaintiff, than those included in the lot sold by defendant to Mm as per agreement, and that defendant had damaged him by the sale to' Langworthy $4,949 23.
For this amount he asked judgment against defendant.
There was a jury trial, and the jury having returned a verdict in favor of plaintiff and against defendant for_$3,000, the Judge rendered judgment in conformity with the verdict.
The defendant has appealed from the judgment.
There is no evidence in the record that justifies the verdict of the jury-
Plaintiff’s pretense of judment for the drags and medicines, is founded on a receipt of defendant for a number of small accounts placed by plaintiff with defendant for collection.
*125 The receipt shows that the accounts were not taken in payment. It states that the accounts were to be collected by defendant or returned to plaintiff.
Many of these accounts were worthless, and others not owing, and it cannot be presumed that defendant took them in payment for his lot of drugs and medicines, when his receipt contradicts such presumption.
Plaintiff has not shown the quantity or value of any other drugs and medicines which belonged to him, and which defendant sold to Lang-worthy, beside those of the lot he pretends to have bought from defendant.
There is evidence in the record which shows that plaintiff did not consider that he was the purchaser from defendant of the lot of drugs and medicines, for after the sale of same to Langworthy, he inquired of him if he would take $500 for his bargain.
Let the judgment of the District Court be annulled, avoided and reversed, and let the suit of plaintiff be dismissed.